IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEE A. CHETTY, JR.,** | : | **CIVIL ACTIO** |
| *Plaintiff* | : | |
| | : | |
| v. | : | **NO. 22-CV-2726** |
| | : | |
| **CITI BANK CORPORATION,** | : | |
| *Defendant* | : | |

**M E M O R A N D U M**

NITZA I. QUIÑONES ALEJANDRO, J.                                   SEPTEMBER 13, 2022

Plaintiff Lee A. Chetty, Jr., a convicted prisoner currently housed at SCI Frackville, brings this *pro se* civil action asserting a claim pursuant to 42 U.S.C. § 1983 against Citi Bank Corporation ("Citi Bank"). Chetty seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Chetty leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I.     FACTUAL ALLEGATIONS**

Chetty's allegations are brief. He asserts that he opened a savings account for his daughter at Citi Bank and deposited $500 into that account upon opening. (Compl. (ECF No. 1) at 2.) Chetty contends that the account was "fully operational" because he had access through an online website. (*Id.*) However, because Chetty failed to submit documentation to Citi Bank, which he claims he never received, Citi Bank closed the account in January 2020 and has refused to return his $500. (*Id.*) Chetty seeks a declaration that the acts and omissions of Citi Bank violated his rights "under the Constitution and laws of the United States." (*Id.* at 3.) He also seeks compensatory damages in the amount of $500, as well as $100,000 in punitive damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court will grant Chetty leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[1]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Chetty is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a private entity is acting under color of state law – *i.e.*, whether the defendant is a state

---

[1]   However, as Chetty is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

actor subject to liability under § 1983 – depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). "Action taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). The test imposed for determining whether a private party is exercising a traditionally exclusive public function is "a rigorous standard that is rarely satisfied for while many functions have been traditionally performed by governments, very few have been exclusively reserved to the State." *Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165-66 (3d Cir. 2001) (internal quotations and alterations omitted) (holding that private school at which plaintiff was placed as a minor by the Department of Human Services was not a state actor).

Chetty's civil rights claims against Citi Bank are not plausible because Citi Bank is not a state actor for purposes of § 1983. *See McDonald v. Citibank N.A.*, Civ. A. No. 21-427, 2021 WL 5736437, at *7 (D. Colo. Dec. 2, 2021) (noting that banks are generally not state actors) (citing

*Silva v. US Bank, Nat'l Assoc.*, 294 F. Supp. 3d 1117, 1131 (D. Colo. 2018) ("The Tenth Circuit has held that banks generally do not operate under color of state law, and therefore, cannot be held liable pursuant to § 1983."); *Mack v. California*, Civ. A. No. 19-209, 2019 WL 7877391, at *9 (C.D. Cal. Aug. 9, 2019), *report and recommendation adopted,* 2019 WL 8883453 (C.D. Cal. Sept. 24, 2019) (concluding that Citibank is a private entity, not a state actor).  Because Citibank is not a state actor, Chetty cannot state a plausible constitutional claim against it.  Thus, the Court must dismiss Chetty's constitutional claims against Citibank with prejudice.

**IV.     CONCLUSION**

For the foregoing reasons, the Court will grant Chetty leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  Chetty's claims against Citi Bank are dismissed with prejudice, and he will not be given leave to amend his claims because amendment would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, dismissing this case.

*NITZA I. QUIÑONES ALEJANDRO*, J.